The Honorable Andrea Lea State Representative Post Office Box 1342 Russellville, Arkansas 72811-1342
Dear Representative Lea:
You have requested my opinion on the following question:
 Is a meeting between the mayor of Russellville, one alderman, one board member from a private organization and the general manager of said organization for the purpose of conducting a "joint review," subject to the Arkansas [Freedom of Information Act]?
As background for this question, you state:
 City Corporation is a private non-profit corporation formed under the authority of A.C.A. § 4-28-201 et seq., [1] and leases the City of Russellville's Water Sewer System from the City as contemplated by A.C.A. § 14-199-701.[2] The issues discussed at the joint meeting would likely only be discussed at a regular or special called city council meeting and possibly could result in the city council acting or not acting in some official manner. *Page 2 
RESPONSE
As this office has opined on numerous occasions, the question whether a "meeting" was held, for purposes of the FOIA, under any particular scenario, demands a review of all surrounding facts and is not susceptible to any conclusive resolution in an opinion from this office.[3] One of my predecessors aptly noted with respect to an inquiry of this sort: "You have asked that I assume certain facts. Undoubtedly, however, there are other relevant facts to consider. I lack both the resources and the authority to act as a fact-finder in resolving such matters."[4] My inability to decide this type of question also stems from the fact that the question may properly be within the province of the prosecuting attorney, who has been vested with enforcement authority under the FOIA, and ultimately a court upon review.[5]
While I consequently cannot definitely opine on your question, I can discuss the general surrounding legal principles. The FOIA applies, in relevant part, to "all meetings, formal or informal, special or regular, of the governing bodies of all municipalities, counties, townships, and school districts. . . ."[6] The act further defines "public meetings" in relevant part as "the meetings of . . . any political subdivision of the state, including municipalities. . . ."[7] As you can see, this circular definition is not particularly helpful. The Arkansas Supreme Court has provided some guidance, however, by holding that the FOIA applies to a meeting called for the purpose of discussing or taking action on a matter on which foreseeable action will be taken by the governing body.[8] It is clear, moreover, that a quorum of the body is not necessary in order for there to be a "meeting" for purposes of the FOIA.[9] Consistent with previous opinions of this office, it is my *Page 3 
opinion that the number in attendance is not, by itself, dispositive when determining whether a "meeting" has occurred for purposes of the FOIA.[10] Consideration must be given instead to all of the surrounding circumstances, including in particular the meeting's purpose.[11]
With regard to your particular question, as you have mentioned, previous Attorney General opinions have concluded that the mayor is a member of the governing body for purposes of the FOIA's open-meeting requirements.[12] I agree.[13] Given that the number in attendance is not determinative, I do not consider it dispositive that the meeting is attended by the mayor and one alderman. But the question whether a "meeting" has occurred can only be resolved with reference to all the attendant facts, such as the fact that this was, as you say, a "joint review."[14] Scenarios such as this have prompted me, along with several of my predecessors, to caution against any discussion of public business by members of a governing body outside a public-meeting context.[15] However, only a court, sitting as a finder of fact, can definitively decide the issue. A deliberative process of this nature falls outside the scope of an opinion from this office.
While I am unable to definitively answer the question you have posed, the above discussion should assist in identifying the relevant issues and guiding the analysis. *Page 4 
Deputy Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General
[1] Arkansas Code Annotated §§ 4-28-201 — 206 and 4-28-209 — 224 (Repl. 2001 Supp. 2009) comprise the Arkansas Nonprofit Corporation Act.Id. at-201 (Repl. 2001).
[2] Arkansas Code Annotated § 14-199-701 (Repl. 1998) authorizes a lease of the sort at issue in your question, involving the management and operation of a municipal utility system.
[3] E.g. Op. Att'y Gen. 2001-166 (and opinions cited therein).
[4] Id.
[5] A.C.A. §§ 25-19-104 (Supp. 2009) (FOIA's criminal penalty provision) and — 107 (Supp. 2009) (right of appeal to circuit court from agency decision).
[6] A.C.A. § 25-19-106(a) (Supp. 2009). The FOIA requires that notice be given of meetings subject to its provisions, and that the meetings be held publicly unless an exception applies. Id.
[7] A.C.A. § 25-19-103(4) (Supp. 2009).
[8] El Dorado Mayor v. El Dorado Broadcasting Co.,260 Ark. 821, 824, 544 S.W.2d 206 (1976).
[9] Id. (involving a meeting of less than a quorum of a city council).
[10] E.g. Op. Att'y Gen. 2001-065.
[11] Id.; see also Op. Att'y Gen. 2000-111; accord J. Watkins R. Peltz, THE ARKANSAS FREEDOM OF INFORMATION ACT (5th ed., Arkansas Law Press, 2009), at 300 (stating that "[u]ntil the General Assembly clarifies the situation, the dispositive distinction should be the subject of discussion at the meeting rather than the number of members present.").
[12] Op. Att'y Gen. Nos. 2003-289 (cities of the first class), 95-227 (cities of the second class).
[13] If the mayor is not a member of the city council for purposes of the FOIA, there plainly would be no meeting because the FOIA's use of the term "meeting" contemplates the presence of more than one member of the governing body. Op. Att'y Gen. Nos. 2000-111 and 96-074; Watkins Peltz, supra, n. 11, at 295 ("The term `meeting' obviously contemplates a gathering of at least two persons. . . .").
[14] See Watkins Peltz,supra, n. 11, at 300 (discussing Op. Att'y Gen. 96-067).
[15] See Op. Att'y Gen. Nos. 2008-055, 2005-166, and 2001-166.
 *Page 1